FILED

2016 DEC 15  AM 10: 40

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

ANTHONY G. DUVALL,

CASE NO:

6:16-CV-2150-Orl-18DCI

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.
_____/

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM"), by and through its undersigned counsel, hereby files its Notice of Removal, pursuant to 28 U.S.C. § 1446 and, in support thereof, states:

1. Plaintiff, ANTHONY G. DUVALL, (hereinafter "Plaintiff") filed this action against State Farm on October 25, 2016, 2016 in the Circuit Court for the Eighteenth Judicial Circuit in and for Seminole County, Florida, asserting a claim for benefits under a policy of uninsured/underinsured motorist insurance issued by State Farm arising out of an automobile accident that occurred on or about November 6, 2015. See Exhibit A (Complaint).

2. State Farm was served with process on November 17, 2016. See Exhibit "B" (Notice of Service of Process).

3. Pursuant to 28 U.S.C. §1441, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

*Id.* "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. §1332(a)(1). As described below, the action before this Court satisfies the requirements for diversity of citizenship jurisdiction.

4. According to Plaintiff's complaint, he is a citizen of the State of Florida, living in Seminole County, Florida. Exhibit A ¶ 2. In contrast, State Farm is an Illinois corporation with its principal place of business in Illinois. *See* 28 U.S.C. §1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). As such, the citizenship of the parties is diverse.

5. 28 U.S.C. § 1446(b) states that a "notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *Id.* As such, this case is removable within 30 days of November 17, 2016 (i.e., by December 19, 2016) if the amount in controversy is over $75,000.

6. Plaintiff sent a demand letter to STATE FARM dated May 12, 2016 for the full limit of liability under STATE FARM'S policy of $100,000.00. The demand letter is supported by a number of medical and billing records, indicating the medical bills Plaintiff alleges are related to the accident total $157,834.34.[1] *See* Exhibit C (demand letters with supporting bills). More specifically, among other treatment, Plaintiff claims his diagnostic arthroscopy of the right

---

[1] While the follow-up demand letter included in the exhibits indicates bills of $145,436.31, the actual total is $157,834.34.

shoulder with injections, complete synovectomy, debridement of rotator cuff tear and of labrum with acromioplasty, resection of lateral clavicular spurs and open rotator cuff tear using a speed bridge technique, was a result of the accident at issue in this case. Additionally, the amount of bills likely does not include all post-operative care or rehabilitation as Plaintiff's initial demand letter was sent several months ago.

7. As such, there is no serious dispute that the amount in controversy meets the threshold requirement for removal.

8. Based upon the facts outlined above, this Court has original jurisdiction over this action because the parties to this action are diverse and the amount in controversy exceeds $75,000.00. Thus, removal to this Court is appropriate and timely.

9. In accordance with Rule 4.02(b), Local Rules for the Middle District of Florida, attached hereto as Composite Exhibit "D" is a copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions filed in the state court case with the Eighteenth Judicial Circuit in and for Seminole County, Florida. STATE FARM is also contemporaneously serving a copy of this Notice of Removal with the Clerk of the state court action, pursuant to 28 U.S.C. §1446(d).

**WHEREFORE**, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests that this Court take jurisdiction over the above-captioned matter for all further proceedings.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of December, 2016, I filed the foregoing with the Clerk of the Court in person who will electronically serve a copy to: Karl W. Labertew,

Esquire, Dan Newlin & Partners, 7335 W. Sand Lake Rd., Suite 300, Orlando, FL 32819 (labertew.pleadings@newlinlaw.com, Leanette.hounchel@newlinlaw.com, Ericka.yunker@newlinlaw.com).

/s/ *signature*

DALE T. GOBEL
Florida Bar No.: 980439
MIGUEL R. ACOSTA
Florida Bar No.: 0043130
Gobel Flakes, LLC
189 South Orange Avenue
Suite 1430
Orlando, FL 32801
E-mail: dgobel@gobelflakes.com
          macosta@gobelflakes.com
          sbrooks@gobelflakes.com
Telephone:   (407) 455-5165
Facsimile:   (407) 455-5166
Attorneys for Defendant