IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY FLORIDA

CASE NO: 2016-CA-002603-08-K

ANTHONY G. DUVALL,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendants.

_____/

## COMPLAINT

Plaintiff, ANTHONY G. DUVALL (hereinafter "DUVALL"), sues the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "STATE FARM") and alleges as follows:

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2. At all times material to this action, the Plaintiff DUVALL was a natural person residing in Sanford, Seminole County, Florida.

3. At all times material to this action, the Defendant, STATE FARM, was authorized to transact business and conducting business in the State of Florida, maintained one or more agents or employees in Seminole County, Florida, and at all times material hereto, provided uninsured underinsured motorist coverage to Plaintiff DUVALL.

4. All other conditions precedent to the bringing of this action have been performed, have occurred or have been waived.


EXHIBIT A

5. Venue is proper in Seminole County, Florida because the alleged incident occurred in Seminole County, Florida.

## FACTS COMMON TO ALL COUNTS

6. On or about November 6, 2015, Plaintiff DUVALL, was traveling southbound on SR 415 at the intersection of Celery Avenue, in Seminole County, Florida.

7. At that time and place, Plaintiff DUVALL was struck by the underinsured tortfeasor, Nina M. Shorthouse, who was traveling northbound on SR 415 and made an illegal turn in front of Plaintiff DUVALL.

8. At that time and place, the uninsured motorist, Nina M. Shorthouse negligently and carelessly operated her vehicle by turning into the path of Plaintiff DUVALL.

9. As a result of the collision caused by the negligence of Nina M. Shorthouse, Plaintiff DUVALL sustained serious and personal injury.

## COUNT I – UNINSURED MOTORIST CLAIM AGAINST STATE FARM

10. The Plaintiff, ANTHONY G. DUVALL, re-alleges and incorporates by reference paragraphs one (1) through nine (9) as if fully alleged herein.

11. The Defendant, STATE FARM, issued and delivered to Plaintiff DUVALL a policy of insurance numbered 1483799592 which was in full force and effect on the date of the accident.

12. Under the terms of the insurance policy, the Defendant, STATE FARM, provided non stackable uninsured / underinsured motorist coverage for Plaintiff DUVALL in the amount of $100,000.00.

13. The Defendant, STATE FARM, has in its custody and control a copy of the insurance policy and, therefore, it is not attached to the Complaint.

14. At all times material to this action, Nina M. Shorthouse was an underinsured motorist in that she failed to carry sufficient liability insurance to cover the Plaintiff's damages as a result of the accident.

15. Plaintiff DUVALL has furnished the Defendant, STATE FARM, timely notice of the automobile accident and proof of the claim for damages described above and has otherwise performed all conditions precedent to entitle recovery under the uninsured / underinsured portion of the policy but the Defendant, STATE FARM, has denied that coverage exists and/or refused to pay Plaintiff for the full value of the claim.

WHEREFORE, the Plaintiff, ANTHONY G. DUVALL, demands judgment for damages against the Defendant, STATE FARM, for personal injury including the losses enumerated herein, costs, interest and for other such relief as may be just and equitable and otherwise deemed proper by the Court. Plaintiff also demands a jury trial on all issues so triable.

### COUNT II – CLAIM OF DUVALL AGAINST STATE FARM FOR VIOLATION OF FLORIDA STATUTE § 624.155

16. The Plaintiff, ANTHONY G. DUVALL, re-alleges and incorporates by reference paragraphs one (1) through fifteen (15) as if fully alleged herein.

17. This claim will ripen upon the determination that Plaintiff DUVALL is entitled to the limit of uninsured motorist benefits under the Policy.

18. Plaintiff DUVALL timely reported the claim to the Defendant, STATE FARM, and otherwise complied with all of his obligations under the contract.

19. On June 15, 2016, Plaintiff DUVALL filed a Civil Remedy Notice of Insurer Violations (hereinafter "CRN") with the Florida Department of Insurance and served a copy of the CRN upon the Defendant, STATE FARM. A copy of the CRN is attached hereto as Exhibit "A."

20. As a result of the injuries caused by the negligence of the uninsured motorist, Nina M. Shorthouse, and the relationship between the parties under the insurance policy, the Defendant, STATE FARM, owed a duty to Plaintiff DUVALL to attempt in good faith to settle his uninsured motorist claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff's interests. The Defendant, STATE FARM, further owed to Plaintiff a duty to refrain from engaging in unfair claim settlement practices.

21. The Defendant, STATE FARM, breached its duties to Plaintiff DUVALL in violation of Florida Statute § 624.155 by the following:

   a. failing to attempt, in good faith, to settle Plaintiff's uninsured motorist claim when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff's interests, who was an insured, in violation of Florida Statute § 624.155(1)(b)(1);

   b. failing to properly train adjusters and claims personnel;

   c. placing its own financial interests before that of Plaintiff;

   d. engaging in unfair claims settlement practices in violation of Florida Statute § 626.9541(1)(i)3.a, c, d, f, and g. Specifically, the Defendant, State Farm:

      i. failed to adopt and implement standards for the proper investigation of claims, including coverage;

      ii. failed to adopt and implement standards for the proper investigation of claims, including coverage;

      iii. failed to acknowledge and act promptly upon communications with respect to the Plaintiff's uninsured motorist claim, including its failure to properly

respond to his multiple written requests for coverage information and demands for payment of all uninsured motorist benefits under the insurance policy;

iv. denied the Plaintiff's uninsured motorist claim without conducting a reasonable investigation based on the available information, even disregarding Plaintiff's repeated offers to assist the Defendant, STATE FARM, in its investigation;

v. failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for its lack of any offer of settlement and eventual decision to deny of coverage; and

vi. failed to promptly notify Plaintiff DUVALL of any additional information necessary for the processing of the uninsured motorist claim, including what information the Defendant's, STATE FARM, employees required to properly assess and determine whether the Plaintiff was afforded coverage pursuant to the Defendant's policies and procedures.

22. The acts complained of herein constituted the Defendant's, STATE FARM, general business practices in that they (a) were expressions of, and in compliance with, standard company practices and procedures, (b) are said by DEFENDANT to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

23. As a direct and proximate result of the Defendant's, STATE FARM, actions and/or inactions as set forth above, Plaintiff has been damaged.

24. The Defendant, STATE FARM, failed to cure its bad faith and more than sixty (60) days has passed since the filing and service date of the CRN.

25. As a result of the Defendant's, STATE FARM, failure to act in good faith and statutory violations alleged above, Plaintiff DUVALL is entitled to recover the total amount of his damages pursuant to Florida Statute § 627.727(10), including all damages suffered as a result of the collision and all damages caused by Defendant's failure to act in good faith and statutory violations alleged above.

26. The Defendant's, STATE FARM, violation of Florida Statute § 624.155 has caused damages to Plaintiff DUVALL in the form of interest on unpaid benefits, pre-judgment interest accrued since the date of Defendant's violation; attorney's fees incurred by Plaintiff in the prosecution of his claim for uninsured motorist benefits and pre-judgment interest thereon; costs incurred in the prosecution of Plaintiff's claim for uninsured motorist benefits, including expert witness fees; costs incurred in the prosecution of Plaintiff's claim for violation of Florida Statute § 624.155; and post-judgment interest.

27. As a further direct and proximate result of the Defendant's, STATE FARM, failure to act in good faith and statutory violations alleged above, Plaintiff DUVALL had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorney's fees to bring this action and recover the excess damages owed by the Defendant. By operation of law, including Florida Statute § 627.428, the Defendant will be obligated to pay those fees upon the successful conclusion of Plaintiff's claim.

28. All conditions precedent to Plaintiff's rights to bring this action have occurred or have been satisfied.

WHEREFORE, the Plaintiff, ANTHONY G. DUVALL, demands judgment against the Defendant, STATE FARM, for the total damages suffered by Plaintiff, pre and post-judgment interest, attorneys' fees pursuant to sections 624.155, 627.727(10), and 627.428, Florida Statutes, costs, and any other relief this Court deems proper. Plaintiff also demands a trial by jury on all issues so triable.

RESPECTFULLY submitted this 25th day of October, 2016.

/s/ Karl W. Labertew
Karl W. Labertew, Esq.
Florida Bar No. 615234
DAN NEWLIN & PARTNERS
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct Phone/Fax: (407) 203-6619
Attorneys for Plaintiff
PRINCIPAL EMAIL ADDRESSES:
Labertew.pleadings@newlinlaw.com
Leanette.hounchell@newlinlaw.com
Jazlyn.rosario@newlinlaw.com
(Personal Email – Not for Service)
Karl.labertew@newlinlaw.com